Good morning, welcome to the 11th circuit. I think everybody's familiar with our timing system but one more time I will explain it just in case. Green means go, yellow means you've got two minutes left, and red means your time is up. So when the red light goes on we ask that you please finish what you're saying and sit down. Of course if we've asked you any questions that take you over the red time limit, please answer those questions. We wouldn't ask them if we didn't want to hear the answers. All right and with that we will begin today with the United States of America versus Jamel Muldrew and we'll hear first from Ms. Samuels Parmer. Thank you, your honor. May it please the court. My name is Mari-Louise Samuels Parmer and I represent the appellant Jamel Muldrew. The district court without the benefit of this court's en banc decision in Dupree and over specific objection by Mr. Muldrew applied the 4B15B5 level enhancement resulting in a guidelines range of 360 months to life. Although the court imposed a variance in sentence Muldrew to 262 months, the 4B15B5 enhancement premised on this court's decision in Fox and the commentary was error under Kaiser and Dupree. The district court's reliance on the commentary in this court's decision in Fox was error because Kaiser and Dupree  doesn't doesn't the guideline use the word pattern? Guideline uses the word pattern that's correct. And isn't the ordinary meaning of pattern doesn't that mean you've engaged in the same kind of behavior repeatedly? It does it means a widespread practice but Muldrew didn't. But does it really mean a widespread practice? I mean it could be the same thing multiple times right? Well you look to the definition the dictionary definition of a word of the word pattern and practice which a wide I mean I so I eat the same thing I eat the same thing for lunch every day. Two chicken, deli chicken, Swiss cheese, and spinach roll-up that I make myself at home. Do I not have a pattern and practice of eating the same thing every day? It's just me. It's not widespread. So yes that could be a a practice that could be But the issue here is well first Muldrew's offense involved a single victim over a period of approximately 46 days and yes there were repeated acts that is that is true and Muldrew doesn't dispute that. But the question is that you have to you have to read a statute and with with great respect to Judge interpreting a statute. So we are looking for the ordinary meaning of a word that is the way that it is generally used then if it's generally understood if the ordinary meaning of the word is generally understood as Judge Newsom has given the example then it does kind of matter right? Ordinary meaning of the end of a court's analysis of a statute. That's true. And so context is a primary determinant of meaning. That's a basic tenant of statutory construction. A statute typically contains many interrelated parts that make up a whole and the entirety of the document is necessary in understanding the meaning of the statute or in this case the guideline regulation. And so the language says that the context of this is what is crucial in the analysis of the plain meaning of the 4B1.5 level enhancement. So under your interpretation he could have essentially prostituted this 17-year-old over the course of several years and still wouldn't be subject to the enhancement? Well he didn't do that. He didn't prostitute him over several years. Right, but under your interpretation we could have another criminal defendant who does engage in that behavior with one individual over several years and in your interpretation that would not still constitute a pattern in practice? No, I think you could, that could constitute a pattern in practice but Muldrew didn't do that. But what's the difference? The difference is that what is the section? The section is repeat offender, right? That's the section. Chapter 4 of the guidelines, which is where 4B1.5 falls within, is designed to punish repeat offenders. And so the example that Judge Abudu provided, I would concede that is, over the course of years, is a repeat offender. Why isn't Mr. Muldrew a repeat offender if he does it for 46 days multiple times over that period of days? What differentiates his conduct from the person who does it over a number of years and makes the person who does it over a number of years a repeat offender but not Mr. Muldrew who does it over a number of days? Because what is the purpose of punishing repeat offenders? What is the purpose of it? To punish them, we're talking about a significantly longer punishment. Significant five-level enhancement is a tremendous increase in punishment. So it can't be and shouldn't be designed to punish the the act itself. It's designed to go after those offenders who have a But how long does it have to be? Is one year long enough? 46 days is not because this... How do we decide? I mean what what is it about the definition of pattern and practice that says 46 days is not enough but maybe two months is enough or whatever? Because this was a finite, this was a finite offense. This was, this was occurred over these 46 days and I'm not here to, I'm not here to justify his behavior. No, of course not and when we and we know you're court-appointed and we very much appreciate the appointment but we have to make an interpretation here that's going to apply to every case and so if we are going to find that this doesn't constitute a pattern and practice but you've conceded that doing it over a number of years does, we need to know how we write that rule so that it's clear to everybody who comes after us right what the reasoning is behind it and who will be subject to it and who will not and that's why we're pressing you on this. So and I appreciate and I appreciate the court court clarifying that so 46 days is not and this was a finite act and by applying this five level enhancement, well the court has to look to the plain meaning. I think that's clear and but you have to look at the context in the whole and by applying this enhancement it, it, it, it doesn't apply because Muldrew is not a repeat offender. He has a prior history but he has no sex offenses as his prior history and so he is essentially, the court is, the court is essentially punishing him sort of a double punishment for the crime. So let me ask you something, how many times over the 46 days did Mr. Muldrew prostitute out this 17 year old girl? I can't tell you, I don't know the exact times and I don't think the, the record does show that he was involved with that scheme with this young girl, 17 year old girl, over a period of 46 days from, you know, I know they traveled from New Jersey to Tampa and down the seaboard. So again, I'm not, I'm not justifying what he did but also, but the purpose, what is the purpose of someone? So when you talk about purpose, which is not spelled out in the provision of the sentencing guidelines before us, you're looking at something outside of that language. Why is it improper for the court to then look at something outside, in this case the commentary, to determine that indeed 46 times of forcing this young girl to have sex with people is not a pattern? That's one question. The indictment in front of me, but would, assuming the indictment doesn't have 46 counts, is that what the government needs to do? Do they need to break it down into 46 different counts for it to satisfy the pattern enhancement? I think they do, Your Honor, and I think that there are only four counts in the indictment and I think that's exactly right. They would have to bring multiple counts and So would you say that if they did bring 46 counts and he was convicted on each of those counts, that that would satisfy the rule, the guideline? That, yes, that could potentially satisfy the rule. We have to look at relevant conduct, so why isn't it the same answer then? Because you have to, again, you've got to go to, this is in Chapter 4, repeat offenders. It's designed to address repeat criminal history. You have to look at the guidelines as a whole in order to interpret the statute. That's a fundamental premise of statutory interpretation. I see I've gone into my rebuttal time and I will. It's okay. You've reserved five minutes for rebuttal. We took you over, so we won't count that against you. Thank you. All right. Thank you. We'll hear next from the government. Good morning, Your Honors. I may please the court. Holly Gershow on behalf of the United States. Mr. Maldo's conduct, sex trafficking victim one, 46, at least 46 out of 50 days, of a 50-day period, constitutes a pattern under this court's precedent, under the plain meaning of the guideline, and if, to the extent there's any ambiguity under the commentary, just reaffirms that. I'd like to start with this court's precedent. We obviously have Fox, and to whatever question remains about what Fox means post Dupree, that was answered in this court's decision in Boone. In Boone, which postdates Dupree, this court said that Fox remained binding precedent, that it could continue to look at the commentary and apply the enhancement in a case in which a defendant had engaged in prohibited sexual conduct with a single victim in the course of his charged conduct, and so I think that that, Boone answers this court's question, and the court doesn't need to go any further. I think the court also understands that under the plain meaning of the term pattern, 46 instances of prohibited sexual conduct constitutes a pattern. Why wouldn't it be cleaner for you all just to have 46 counts in the indictment, and then we wouldn't even be here on this argument? Well, I think generally we try to charge conservatively, and to charge, we charge him with four counts. I don't think that it's necessary to charge 46 counts because you have the relevant conduct, as Judge Rosenbaum pointed out, and I think you could end up with a multiplicity or duplicity problem if we charged these 46 counts. I think it's just cleaner to do it the way that we did it, and so when you're talking about context, the context of this chapter is repeat and dangerous, of this section is repeat and dangerous sex offenders, and somebody who traffics a child for 46 days is more dangerous than somebody who traffics a child. I do think that this court in Boone found that this statute's ambiguous because it did refer to the commentary, and the commentary reaffirms this, so unless this court has any questions for me, I would ask that the court affirm the sentence. Thank you, Ms. Gershow. We'll hear again from Ms. Samuels- Parmer. The importance of looking at the context of the regulations cannot be, of the guidelines cannot be understated, and clearly Chapter 4 of the guidelines deals with repeat offenders. It's designed to punish those who commit same crimes over and over after being either after being caught and punished. It's designed to address that type of behavior, and the 46 incidents, while unjustifiable, do not rise to that level, and the punishment that Mr. Muldrew's guidelines range without the five-level enhancement is sufficient to still looking at an offense level of 33, a criminal history category of 5, which placed him in the 210 to 262 month range. That is sufficient to punish this individual, and so this enhancement is a severe enhancement, and it should be applied in a way that is consistent with the guidelines, with the structure and context of the guidelines. Applying all the tools of statutory interpretation as Kaiser and Dupree require us to do, there is no ambiguity as to the application of 4B1.5. The pattern in practice applies to repeat offenders, not offenders like Mr. Muldrew. The guidelines sentence range is sufficient to take into account the nature and circumstances of the offense and Muldrew's tragic upbringing. I respectfully ask this court to reverse the finding of the court below, and find that the 5B1.5 level enhancement does not apply to offenders like Mr. Muldrew. Thank you, counsel. Again, we note that you were court appointed. We very much appreciate your accepting the appointment and representing Mr. Muldrew. Thank you.